907 F.2d 150
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Chester R. FULTZ, Plaintiff-Appellant,
v.
COMMONWEALTH OF KENTUCKY; Frederic J. Cowan, Attorney
General; Kentucky Court of Appeals; Dewey Sowders, Warden;
J. Kirk Griggs, II, Public Defender; David L. Knox, Judge;
Thomas F. Towles, Public Defender; Department of Public
Advocacy, Defendants-Appellees.
 No. 89-6580.
 United States Court of Appeals, Sixth Circuit.
 June 27, 1990.
 
 Before MILBURN and DAVID A. NELSON, Circuit Judges, and ENGEL, Senior Circuit Judge.
 
 ORDER
 
 1
 This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the record and the briefs, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Chester R. Fultz, a pro se Kentucky prisoner, appeals from the district court's order dismissing his civil rights action filed pursuant to 42 U.S.C. Sec. 1983.
 
 
 3
 Seeking compensatory and punitive damages, Fultz sued the defendants alleging that the filing of an unauthorized appeal from his May 2, 1988, conviction, on charges of first degree wanton endangerment, deprived him of his rights to due process and equal protection, to the effective assistance of counsel, and of access to the courts and that the actions of the attorneys involved in the unauthorized appeal constitute "legal fraud."
 
 
 4
 After a review of the magistrate's report and Fultz's objections, the district court adopted the magistrate's report and recommendation and dismissed the case as frivolous pursuant to 28 U.S.C. Sec. 1915(d). Fultz has filed a timely appeal. He has also filed separate motions for the appointment of counsel and for transportation to the hearing to be held in this case. Further, an appellee, J. Kirk Griggs, II, seeks to be dismissed as a party to this action, claiming that this court lacks jurisdiction because he was never served with process.
 
 
 5
 Upon review, we affirm the district court's judgment dismissing Fultz's complaint as frivolous as it lacks an arguable basis in law or in fact. Neitzke v. Williams, 109 S.Ct. 1827, 1831 (1989).
 
 
 6
 This disposition renders Griggs's motion moot.
 
 
 7
 The motions for the appointment of counsel and for transportation to the hearing are hereby denied. The district court's judgment is hereby affirmed pursuant to Rule 9(b)(5), Rules of the Sixth Circuit.